UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
                                                                            :

UNITED STATES OF AMERICA,        :

                                         Plaintiff,    :    **MEMORANDUM & ORDER**

                         -against-           :    06-cr-265 (S-5) (DLI)

LUIS M. BATISTA and HENRY CONDE,
   et al.,
                      Defendants.  :
------------------------------------------------------ X

**DORA L. IRIZARRY, United States District Judge:**

On August 14, 2009, the government moved to admit certain evidence pursuant to Rule 404(b) of the Federal Rules of Evidence, and argued in favor of admission of other evidence to which it claims Rule 404(b) does not apply. The government also moved *in limine* to preclude admission of statements and other evidence expected to be offered by defendant Luis M. Batista, including evidence of Batista's own out-of-court statements or records that seem to cast him in a positive light, on grounds that he has not provided a basis for introducing the statements contained therein or explained their relevance.

In its opposition to the government's motion, Batista moved to preclude testimony from a New York City Police Department ("NYPD") lieutenant as to what Batista's attorney said to the lieutenant about statements made to the attorney by Batista, on grounds that such testimony would constitute inadmissible hearsay.[1]

---

[1] On September 8, 2009, Batista also filed a motion *in limine* requesting a limiting instruction that as a matter of fact and law there is nothing improper about an attorney or an investigator questioning a potential witness in a case. The court reserved decision on this motion and, on September 16, 2009, requested that the parties submit proposed limiting instructions to the court.

For the reasons set forth below, the government's motion is denied in part, and granted in part. Batista's motion to preclude testimony is denied.

## I. BACKGROUND

This Memorandum and Order assumes familiarity with the charges and background of this case. For more details about the facts and circumstances of this case, please see the court's Memorandum & Order dated March 31, 2009 denying Batista's motion to suppress evidence.

In summary, Batista and Henry Conde are charged together in the fifth superseding indictment. Batista, a former NYPD detective, is charged in Count One with conspiracy to distribute, and to possess with intent to distribute, cocaine, cocaine base ("crack"), and MDMA ("ecstasy"). In furtherance of this conspiracy, Batista allegedly provided confidential law enforcement information to Virgilio Hiciano, identified in the indictment as John Doe #1, who engaged in drug trafficking and related acts of violence in Brooklyn, New York, between approximately January 1998 to July 2007. Batista is further alleged to have witnessed Hiciano and a confidential informant give cocaine to a woman on numerous occasions, and to have distributed a small quantity of ecstasy.

Batista is charged in Count Two with conspiracy to commit bank fraud, and in Count Three with bank fraud, for allegedly providing the Municipal Credit Union with fraudulent proof of termite inspection and treatment in order to secure a mortgage for the purchase of a house located in Elmont, New York.

Defendant Conde, a former NYPD Sergeant serving on the Queens Internal Affairs Bureau ("IAB"), is charged in Counts Four and Five with making false statements to agents of the Federal Bureau of Investigation ("FBI") regarding his use of the Internal Affairs Professional Computer System.

Counts Seven and Eight charge both Batista and Conde with conspiracy to obstruct justice and obstruction of justice for knowingly and intentionally obstructing, influencing, or impeding an Eastern District of New York grand jury investigation and trial.

## II. DISCUSSION

### A. Government's Motion for Admission of Evidence Pursuant to Federal Rule of Evidence 404(b)

The government seeks to introduce certain evidence in support of the narcotics and obstruction charges pursuant to Rule 404(b) of the Federal Rules of Evidence, including evidence that:

- Members of the alleged conspiracy also distributed heroin and marijuana;
- Batista placed ecstasy in a woman's drink without her knowledge;
- Batista was pulled over by the police for driving while intoxicated with another member of the alleged conspiracy;
- Batista falsely claimed credit for an anonymous call placed to the police with information about the shooting of a police officer during a drug-related arrest;
- Batista obstructed and attempted to obstruct an investigation into the death of a police officer.

Rule 404(b), which governs the admissibility of evidence concerning defendant's other bad acts and uncharged crimes, provides, in relevant part, that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

Fed. R. Evid. 404(b). "[E]vidence of uncharged criminal activity is not considered other crimes evidence under Fed R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (citation and internal quotation marks omitted).

The Second Circuit has adopted "an inclusionary approach" to Rule 404(b) evidence, precluding admission only when evidence of other bad acts is offered to demonstrate the defendant's criminal propensity. *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002) (internal quotation marks omitted); *see also United States v. Carlton*, 534 F.3d 97, 101 (2d Cir. 2008). This inclusionary approach, however, "does not obviate the need to identify the fact or issue to which the evidence is relevant." *United States v. Mercado*, No. 08 Cr. 1017, 2009 WL 2096234, at *5 (2d Cir. July 17, 2009) (internal quotation marks omitted). "There must be a clear connection between the prior act evidence and a disputed issue at trial." *Id.*; *see also United States v. Gordon*, 987 F.2d 902, 908 (2d Cir. 1993) (probative value of other bad acts "depends largely on whether or not there is a close parallel between the crime charged and the acts shown") (citation and internal quotation marks omitted).

Assuming that the evidence is admissible, the court must also scrutinize it under Federal Rule of Evidence 403 to determine if its probative value is substantially outweighed by the potential for unfair prejudice. *See* Fed. R. Evid. 403; *United States v. Gilan*, 967 F.2d 776, 782 (2d Cir. 1992). To demonstrate that the evidence is more probative than prejudicial, the government must show that it would not "unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial." *United States v. Quattrone*, 441 F.3d 153, 186 (2d Cir. 2006).

Under *United States v. Edwards*, 342 F.3d 168 (2d Cir. 2003), evidence of other acts is correctly admitted if: "(1) it [is] offered for a proper purpose; (2) it [is] relevant to a disputed trial issue; (3) its probative value is substantially outweighed by its possible [unfair] prejudice; and (4) the trial court administer[s] a proper limiting instruction." *Id.* at 176 (citations omitted).

### 1. Evidence of Heroin and Marijuana Distribution by Co-Conspirators

The government argues, unopposed by Batista, that Rule 404(b)'s limitations on the admission of evidence pertaining to other bad acts do not apply to evidence of heroin and marijuana distribution by Batista's alleged co-conspirators. The court agrees with the government that evidence related to the distribution of heroin and marijuana is admissible under *Carboni,* 204 F.3d at 44, because it involves the same individuals, locations, and time period as the charged offense, and thus arose out of the same series of transactions that underlie the charged offense. Moreover, the heroin and marijuana distribution is probative evidence of the existence of the narcotics conspiracy. *See United States v. Diaz*, 176 F.3d 52, 79-80 (2d Cir. 1999) (evidence of uncharged crimes, including drug sales, admitted to prove RICO enterprise); *United States v. Rosa*, 11 F.3d 315, 334 (2d Cir. 1993) (uncharged narcotics sale admissible as background regarding charged narcotics offenses); *United States v. Harris*, 733 F.2d 994, 1006-07 (2d Cir. 1984) (defendant's prior narcotics dealings with a witness admissible for background of conspiracy and to show basis for defendant's trust of the witness). Accordingly, this evidence will be admitted at trial, subject to a limiting instruction from the court.

### 2. Evidence of Batista's Distribution of Ecstasy

#### a. Woman #1 Incident

The government intends to elicit testimony that, during the time period of the charged conspiracy, Batista deposited ecstasy pills obtained from Hiciano into a drink prepared by Batista for a woman visiting his home ("Woman #1"). The woman allegedly imbibed without knowing that the drink contained ecstasy and subsequently had sexual relations with both men, but had expressed a desire to engage in sexual relations before she ingested the ecstasy. Batista opposes admission, denying that the incident alleged by Hiciano ever took place or that any controlled

substance was distributed or otherwise used in his presence. Batista, surmising that the government will allege that the incident with Woman #1 occurred in 1998, further objects on the ground that this incident is too far removed in time to be relevant as to the alleged drug conspiracy and Batista's alleged provision of information to Hiciano. Finally, Batista contends that this evidence is likely to assassinate Batista's character before the jury, and should be precluded as unduly prejudicial and inadmissible evidence of propensity under Rules 403 and 404(b).

The court finds that evidence regarding the Woman #1 incident is admissible, because it proves that Batista himself distributed ecstasy as charged in the indictment, and, thus, is "direct evidence of the conspiracy itself." *United States v. Baez*, 349 F.3d 90, 93-94 (2d Cir. 2003) (internal quotation and citation omitted). Batista's denial of the incident and claim that he was never present for the distribution or use of any controlled substance are insufficient to preclude admission since Batista is free to cross-examine the government's witnesses and probe their recollection of the alleged incident. Indeed, whether Batista disputes the incident is not relevant to its admissibility—evidence offered in support of other acts need only be sufficient to permit a jury to "'reasonably conclude that the other act occurred and that the defendant was the actor.'" *Gilan,* 967 F.2d at 780 (quoting *United States v. Huddleston*, 485 U.S. 681, 689 (1988)). Batista's objection that the alleged incident with Woman #1 is too old to be relevant is also patently without merit, because the alleged conspiracy to distribute cocaine base, cocaine, and ecstasy extends as far back as January 1998.

Despite the risk that some members of the jury might be disturbed by the circumstances of the Woman #1 incident, the evidence is highly probative with respect to the offenses charged in the indictment—that Batista "furthered the drug activities of" Hiciano and others "by, among

other things . . . distributing a small quantity of ecstasy." (Indictment ¶ 4; *see also id*. at ¶ 43). Evidence concerning the entire incident, and not just the part involving the alleged distribution of ecstasy, is admissible as background information and evidence of Batista's motive for depositing the ecstasy in Woman #1's drink. *See United States v. MacPherson*, 424 F.3d 183, 185 n.2 (2d Cir. 2005) (noting that although the government need to prove motive, a jury may weigh evidence of motive in considering whether "to infer guilty knowledge and intent"); *see also Carboni*, 204 F.3d at 44. The court will provide the jury with a limiting instruction to circumscribe its consideration of this evidence

### b. Woman #2 Incident

The government further seeks to admit evidence that, prior to the incident with Woman #1, Batista and Hiciano brought a different woman to Batista's home with the intent of having sexual relations with her ("Woman #2"). However, this woman rebuffed Batista's advances and soon left. At trial, the government expects to prove these events through the testimony of Hiciano, Woman #2, and other co-conspirators with whom Batista or Hiciano discussed their experiences. The government contends this evidence is admissible as direct evidence of the conspiracy itself and as background information about the charged conspiracy. Batista responds that such evidence is unduly prejudicial and wholly irrelevant to any disputed issues in this case.

In contrast to the incident with Woman #1, this evidence is neither relevant to the charges at issue in the instant case, nor probative as to Batista's motive in distributing ecstasy to Woman #1. The government's theory is that Woman #2 did not agree to have sexual relations with Batista, so the next time a woman came back to his home along with Hiciano, Batista distributed ecstasy to ensure things went better for him. However, as Batista notes in his opposition, the government concedes that Woman #1 apparently agreed to engage in sexual relations before the

ecstasy was used. Moreover, the inferences the government seeks to draw from the Woman #2 incident are far too speculative and the chain unduly long to be probative. *See United States v. Afjehei*, 869 F.2d 670, 674 (2d Cir. 1989) (finding that evidence of other acts is inadmissible "if the chain of inferences necessary to connect the evidence with the ultimate fact to be proved is unduly long").

Notably, the Woman #2 incident appears to be more probative of Batista's character rather than probative of the factors enumerated in Rule 404(b) that would justify its admission. In this regard, proof that that "Batista acted boorishly in his failed attempt to seduce Woman #2" (Mot. at 9), as the defense argues, is more prejudicial than probative, and, thus, inadmissible under Rule 403. Furthermore, jurors may be confused into thinking erroneously that Batista engaged in some sort of criminal conduct with respect to Woman #2. *See, e.g., United States v. Amuso*, 21 F.3d 1251, 1262 (2d Cir. 1994) (affirming the exclusion of "cumulative and potentially confusing evidence to the jury").

Further unavailing is the government's claim that evidence of the Woman #2 incident constitutes background information for the charged conspiracy offered to "help the jury understand the basis for the co-conspirator's relationship of mutual trust." *United States v. Pipola*, 83 F.3d 556, 565-66 (2d Cir. 1996). The court agrees with the government that Batista and Hiciano's unsuccessful attempt to seduce Woman #2 tends to show the close, even intimate relationship between the two men. However, Batista asserts that he does not intend to dispute that he and Hiciano were friends and socialized together. (Opp. at 3.) The court finds that evidence of the Woman #2 incident would be cumulative and unnecessary in order to prove the intimacy of the men's friendship when assessed in conjunction with the Woman #1 incident and other admissible evidence that, on numerous occasions, Batista and Hiciano shared a woman

sexually after she was given cocaine. (Mot. at 10.) *See United States v. Wallach*, 935 F.2d 445, 472 (2d Cir. 1991) (even under the inclusionary approach to the introduction of similar act evidence, "a district court must be careful to consider the cumulative impact of the evidence on the jury and to avoid the potential prejudice that might flow from its admission"). In light of the evidence's limited probative value, cumulative effect and danger of unfair prejudice or confusion of issues, the government's motion to admit evidence of the Woman #2 incident is denied, without prejudice to move for the court's reconsideration of its ruling, if the defendant opens the door.

### 3. Evidence of Batista Driving While Intoxicated with Hiciano

The government seeks to admit evidence that Batista and Hiciano spent time drinking in clubs to rebut Batista's claim that Hiciano was a mere source of evidence, as opposed to intimate friends. The government seeks to admit evidence that, on two occasions, Batista was detained by the police while driving intoxicated with Hiciano from a club, but avoided getting arrested for driving in that condition. Batista opposes on grounds that under New York law, only a breathalyzer or blood test can establish intoxication, and determining the accuracy of this evidence will result in a distracting mini-trial.

The court agrees with the government that this evidence is admissible. First, it is probative as to whether Batista and Hiciano not only socialized on a regular basis, but also together engaged in criminal conduct on various occasions. The evidence would "help[] explain to the jury how the illegal relationship between [Batista and Hiciano] developed." *United States v. Brennan*, 798 F.2d 581, 590 (2d Cir. 1986). Second, the government need not prove beyond a reasonable doubt that Batista drove while intoxicated to meet the applicable burden of proof, namely, that a jury could reasonably conclude that the other act occurred and that the defendant

was the actor.  *See Gilan,* 967 F.2d at 780.  Third, because evidence of other crimes "did not involve conduct more serious than the charged crime[s]," it is not unduly prejudicial.  *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000); *see also United States v. Pitre*, 960 F.2d 1112, 1120 (2d Cir. 1992) (admitting evidence of other acts where such evidence did not involve events that were "any more sensational or disturbing" than the charged offense).  Finally, the government seeks to introduce this evidence through the testimony of a single witness.  The court does not see how this poses a risk of conducting a separate "mini-trial" on this issue.  Accordingly, the evidence is admitted, subject to a limiting instruction by the court.

### 4. Evidence that Batista Falsely Claimed Credit for an Anonymous Tip

The government further seeks to admit evidence that, during a telephone call with his wife on February 2, 2007, Batista admitted he falsely claimed that an anonymous caller who contacted the NYPD with information about the shooting of a narcotics officer was his informant.  (Mot. Ex. 3 at 2.)  The government seeks to admit this evidence to rebut Batista's putatively innocent explanation for his relationship with Hiciano, namely that Hiciano was Batista's confidential source.  Batista claims that this evidence is being used by the government as propensity evidence, and seeks preclusion on grounds that the conversation pertains to a tangential issue because it consists of Batista's boastful statements to his wife in an attempt to impress her.

Given the circumstances of this case, evidence that Batista falsely claimed another person was his confidential source is far from tangential.  As the government notes, it bears upon Batista's credibility, which is a proper use of evidence of other acts under Rule 404(b).  *See Tomaino v. O'Brian*, 315 Fed. Appx. 359, 361 (2d Cir. 2009) (finding that impeachment of credibility is a proper use of other act evidence).  The probative value of this evidence is not

outweighed by potentially unfair prejudice in light of the substantive charges and other evidence that the government expects to introduce at trial. *See Williams*, 205 F.3d at 34; *Pitre*, 960 F.2d at 1120. The evidence will be admitted subject to a limiting instruction from the court.

### 5. Evidence that Batista Obstructed an IAB Investigation

Finally, the government seeks to admit evidence in the form of Batista's own statements to his wife demonstrating that, in 2006, Batista obstructed and attempted to obstruct an investigation into the death of an officer to show his state of mind and intent in taking certain actions in this case. Based on Batista's statements to his wife, the government claims that Batista took measures to conceal from the IAB evidence that an NYPD sergeant may have been drinking at a bar prior to his fatal car crash. Such measures included plans to seize the bar's surveillance video if IAB failed to discover it, and encouraging another officer to state falsely that the bar tab for the night in question included the cost of drinks for numerous other people. (*See* Mot. Ex. 5-7.) Batista argues alternatively that the evidence is being introduced merely to show defendant's propensity to commit obstructive behavior, cannot be proven by the government, and will unnecessarily distract the jury by having to decide unrelated factual disputes.

Evidence of other bad acts "should not be admitted as proof of the defendant's knowledge or intent unless the other act is sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the knowledge or intent inference advocated by the proponent of the evidence." *United States v. Aminy*, 15 F.3d 258, 260 (2d Cir. 1994) (internal quotation marks omitted).

The court is not persuaded that Batista's statements to his wife about his obstruction of the 2006 IAB investigation are sufficient to permit the jury to draw the inference that Batista

11

acted with the knowledge and intent to obstruct the investigation in this case. This evidence is probative as to Batista's intent only if Batista actually obstructed, or intended to obstruct that unrelated IAB investigation, which means that the jury would have to decide Batista's intent in the uncharged incident before it can decide its relevance to his intent in the charged crime. Even if the jury could make the determination based solely on evidence of Batista's statements to his wife, there is a substantial risk that jurors impermissibly will use his alleged obstruction of the 2006 IAB investigation as proof of his propensity to engage in the obstruction charged in the indictment. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997). This is especially true where the 2006 IAB investigation occurred after the charged obstruction in this litigation. *See, e.g., United States v. Sampson*, 385 F.3d 183, 192 (2d Cir. 2004) (in a case involving drug offenses, excluding evidence of defendant's later drug trafficking crimes because, for that evidence to be probative of whether he committed the earlier crimes, the jury would have to infer that the later crimes showed that defendant was a drug dealer, rendering it was more likely that he was correctly identified as the drug dealer involved in the earlier offenses). For these reasons, this evidence is excluded.

**B. Government's Motion for Exclusion of Evidence Pursuant to Federal Rule of Evidence 801(d)(2)**

**1. Evidence of Batista's Out-of-Court Statements and Records**

The government moves *in limine* to preclude Batista from introducing his own out-of-court statements or records which seem to cast him in a positive light, on grounds that he has not provided a basis for introducing the statements contained therein or explained their relevance, as he must under Federal Rule of Evidence 801(d)(2), including:

- A discussion between Batista and his wife regarding the upcoming birth of his son;
- A discussion regarding Batista's work on a homicide case;
- Batista leaving a Merry Christmas voicemail greeting;

12

- Batista telling his daughter not to get him alcohol for Christmas;
- Batista and Conde wishing each other a happy holiday and discussing Batista's wife's pregnancy; and
- Batista's records of his service in the Navy and his law school application, recommendations and NYPD performance evaluations.

Batista responds that, without knowing the offers of proof to be presented by the government at trial, transcripts of conversations identified above were produced in "an abundance of caution so as not to delay the trial with issues of audibility and accuracy of transcriptions. The relevancy, or irrelevancy, of these conversations will be more readily apparent at the time of trial, and the Court should defer ruling on same until such time." (Opp. at 16.)

Under Rule 801(d)(2)(a), "a defendant generally may not introduce his own prior statement for the truth of the matters asserted therein." *United States v. Demosthene*, 334 F. Supp. 2d 378, 381 (S.D.N.Y. 2004). "In cases where a defendant seeks to introduce his own statements for the sole purpose of demonstrating that they were made, the fact that such statements were made must be relevant to the central issues in the case." *Id.* (citing *United States v. Marin*, 669 F.2d 74, 84 (2d Cir. 1982)). The court finds that the statements and records at issue are purely character evidence and do not rebut the government's case in any way. As this evidence is not relevant to the central issues in this case, it is excluded without prejudice to defendant Batista moving for reconsideration based on a showing of probative value.

### 2. Transcripts of Additional Portions of Recorded Conversations

The government also seeks to preclude admission of additional portions of consensually-recorded conversations between Batista and Sergeant Robert Kelly, on the ground that Batista has not provided a basis for their introduction. Batista contends that the balance of the recordings are admissible under Federal Rule of Evidence 106 to place the government's

13

selected portions in proper context and attack the credibility of the government's witnesses, in particular, Sergeant Kelly.

Rule 106 states, in relevant part, that when a "recorded statement or part thereof is introduced by a party, an adverse party may require introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Under this doctrine, an "omitted portion of a statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion into context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States v. Jackson*, 180 F.3d 55, 73 (2d Cir. 1999) (quoting *United States v. Castro*, 813 F.2d 571, 575-76 (2d Cir. 1987)). However, the Second Circuit has held the completeness doctrine does not "require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages" or consist of a defendant's own self-serving statements. *Id.*

Here, Batista has not identified specific portions of transcripts that he seeks to admit under Rule 106, making it impossible for the court to assess his claim that the statements omitted by the government are necessary to give the jury a full picture of Kelly's relationship with Batista, demonstrate Batista's state of mind, and impeach Kelly's credibility. Consistent with *Jackson*, Batista's vague or conclusory representations regarding the conversations' content and admissibility do not suffice to make a proper showing; instead, Batista must pinpoint particular passages and explain the probative value of such statements to enable the court to rule. *See Jackson*, 180 F.2d at 575-76; *see also United States v. King*, 351 F.3d 859, 866 (8th Cir. 2003) (internal quotation marks and citation omitted) ("[T]he party urging admission of an excluded conversation must specify the portion of the conversation that is relevant to the issue at trial and

that qualifies or explains portions already admitted."). Thus, the government's motion to preclude introduction of additional portions of the conversations recorded by Kelly is granted, without prejudice to Batista to move for reconsideration, subject to a showing of probative value.

### C. Batista's Motion for Exclusion of Hearsay Evidence

Batista moves to preclude a government witness, NYPD lieutenant Robert Rios, from testifying that Batista's attorney spoke to such witness and relayed Batista's account of a conversation with that same witness, on grounds that such testimony would constitute inadmissible hearsay.[2] Batista contends that the government would be offering the attorney's statements for the truth of the matter asserted, i.e., that Batista made certain statements to his attorney that were then repeated by the attorney to the lieutenant. The government responds that the statements are admissible against Batista because they were made by his attorney concerning matters within the attorney's employment. It further argues that the attorney statements here are not offered for the truth of the matter asserted.

Batista's motion is denied for three reasons. First, the government indicated at the pre-trial status conference held on September 9, 2009, that it intends to offer the lieutenant's testimony as evidence of Batista's obstruction of justice as alleged in Counts Seven and Eight of the indictment. The government's theory is that Batista obstructed the ongoing investigation by

---

[2] On August 27, 2009, consistent with *United States v. Curcio*, 680 F.2d 881, 888-90 (2d Cir. 1982), the court conducted a hearing in which Batista was advised by the court of his right to representation by an attorney who has no conflict of interest. Defendant knowingly and voluntarily waived any conflict on the record. The court noted in this regard that Batista is represented by a second attorney without a conflict. The court further determined at the hearing that the attorney who interviewed Lt. Rios had not engaged in any conduct amounting to obstruction of justice or a violation of any provisions of the New York State Rules of Professional Conduct. In addition, the court instructed the government that it should sanitize its examination of Lt. Rios so as to avoid disclosing that the interview was conducted by the attorney. For the sake of completeness, the court memorializes its ruling on Batista's motion *in limine* herein.

15

attempting to persuade the lieutenant and other potential witnesses to adopt a modified and more favorable version of the facts at issue in this case. To that end, Batista allegedly provided his attorney with a false account of his conversation with the lieutenant, which was then conveyed to the lieutenant by the unwitting attorney. Under this theory, evidence that Batista told the attorney that he told the lieutenant the identity of a confidential informant, and that this was conveyed to the lieutenant by the attorney, "form part of the res gestae, the narrative that the government rightly seeks to tell" with respect to the obstruction charges. *United States v. Pepin*, 514 F.3d 193, 201 (2d Cir. 2008) (internal quotation marks omitted).

Second, the government's objective is not simply to establish that Batista's attorney discussed Batista's recollection of the conversation at issue with the lieutenant, but, rather, to allow the lieutenant to testify that Batista's account of their conversation (as relayed to him by Batista's attorney) is false, and offer an alternative account of that same conversation. (Reply at 9.) In this context, the statements are not being offered for the truth of the matter asserted, and thus are not excludable as hearsay. *See* Fed. R. Evid. 801(c) (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").

Finally, as the government argues, the Second Circuit has held that out-of-court statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney. *United States v. Margiotta*, 662 F.2d 131, 142 (2d Cir. 1981); *see also* Fed. R. Evid. 801(d) (prior statement not excludable as hearsay if statement was authorized by the party or is "a statement by his agent or servant concerning a matter within the scope of his agency or employment"). For these reasons, defendant's motion is denied.

## CONCLUSION

For the reasons set forth above, the government's motion is granted in part, and denied in part. Batista's motion to exclude is denied.

SO ORDERED.

Dated: Brooklyn, New York
September 23, 2009

                                                                /s/
                                        DORA L. IRIZARRY
                                    United States District Judge