```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
                                                       :
UNITED STATES OF AMERICA,                              :
                                                       :
                              Plaintiff,               :         **SUMMARY ORDER**
                                                       :
             -against-                                 :         06-cr-265 (S-5) (DLI)
                                                       :
LUIS M. BATISTA and HENRY CONDE,                       :
     et al.,                                           :
                                                       :
                              Defendants.              :
------------------------------------------------------ X
```

**DORA L. IRIZARRY, United States District Judge:**

Defendant Luis M. Batista, a former New York Police Department ("NYPD") detective, is charged with conspiracy to distribute and to possess with intent to distribute one or more controlled substances involving cocaine base or "crack," powder cocaine, and MDMA, commonly known as "Ecstasy." Batista is also charged with conspiracy to commit bank fraud and bank fraud. Defendant Henry Conde, a former NYPD Sergeant is charged with two counts of making a false statement. Batista and Conde are charged together with conspiracy to obstruct justice and obstruction of justice. A jury trial on these charges commenced on September 21, 2009.[1]

On September 13, 2009, the government moved *in limine* to preclude certain areas of cross-examination of potential government witnesses NYPD Sergeant Robert Kelly, Domingo Lopez, and Virgilio Hiciano. On September 22, 2009, the court held oral argument on the instant

---

[1] This Summary Order assumes familiarity with the charges and background of this case. For more details about the facts and circumstances of this case, please see the court's Memorandum & Order dated March 31, 2009 denying Batista's motion to suppress evidence, and the Memorandum & Order dated September 22, 2009 resolving the parties' motions *in limine*.

motion during a trial recess and orally granted the government's motion in part. For the sake of completeness, the court memorializes its ruling on the government's motion *in limine* herein.

The government seeks to preclude defendants from cross-examining Sergeant Robert Kelly regarding a recording made on February 5, 2007 in which Sgt. Kelly discusses winning a Super Bowl pool and telling his wife that he won less than he really did. In response, Batista's counsel indicated that they have no interest in examining Sgt. Kelly regarding his deception of his wife. In light of the defense's decision to refrain from examining Sgt. Kelly on this topic, and the court's determination that this evidence has little or no probative value, the government's motion is granted. However, there are other portions of this same conversation that relate to defendant Batista. The defense has not specified what portion of this conversation it seeks to introduce or the basis for its introduction, despite the court's and the government's request for this information. Accordingly, decision as to the admissibility of the rest of this conversation is reserved pending the defense's submission of the requested information.

The government further seeks to preclude the defense from cross-examining Domingo Lopez and Virgilio Hiciano regarding the 1999 murder of Charles Dantzler, a competing drug dealer. Lopez told the government that, in the course of his criminal association with Hiciano, Hiciano told him that he wanted Dantzler killed, and that he later learned that Hiciano's gun was used to kill Dantzler. The government maintains that this information is irrelevant and has no bearing on Hiciano's credibility because Hiciano was not involved in the shooting. Batista's defense concedes that any inquiries regarding Hiciano's involvement in the Dantzler's murder would be baseless and thus inappropriate. Based upon the federal agent's report of the Lopez debriefing on this incident and the government's recitation of facts surrounding the murder, the court concurs with the parties that Lopez's allegations that Hiciano may have been involved in

2

the Dantzler murder are unfounded and speculative, and, thus, inadmissible. Therefore, the government's motion to preclude cross-examination on this topic is granted.

In his opposition to the government's motion *in limine*, Batista argues that defense counsel should be permitted to show that guns and related acts of violence were used to protect Hiciano's interest in his alleged drug operation. The government conceded at oral argument that such inquiries may be appropriate. Accordingly, defense counsel will be permitted to explore these areas on cross-examination.[2] However, with respect to Batista's application for leave to examine Lopez as to specific statements made to law enforcement officers that appear to be speculative, defense counsel will need to seek leave from the court on a statement-by-statement basis before proceeding.

## CONCLUSION

For the reasons set forth above, the government's motion is granted in part. Defense counsel will be permitted to inquire regarding the use of firearms and acts of violence in furtherance of the alleged drug conspiracy with the limitations set forth in this Order.

SO ORDERED.

Dated: Brooklyn, New York
　　　　September 23, 2009

　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　DORA L. IRIZARRY
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] This ruling encompasses cross examination regarding the kidnapping and murder of a local drug dealer known as Cornelius McNeil, as specified by the defense in its opposition.